**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ADRIANNE MCKENNIE, an individual,

        Plaintiff,

    vs.

MOUNTAIN WEST DERM - BLACKHART, PLLC dba SKIN CANCER & DERMATOLOGY INSTITUTE, a Nevada professional limited liability company; MWD MANAGEMENT OF NEVADA LLC a/k/a MWD MANAGEMENT, LLC d/b/a UNITED DERM PARTNERS, a Delaware limited liability company,

        Defendants.

Case No.: 2:25-cv-02213-JAD-NJK

**ORDER GRANTING STIPULATION TO EXTEND DISCOVERY DEADLINES**

Plaintiff Adrainne McKennie and by and through her counsel of record, Greenberg Gross LLP, and Defendants Mountain West Derm – Blackhart, PLLC and MWD Management of Nevada, LLC a/k/a/ MWD Management, LLC d/b/a United Derm Partners ("Defendants"), by and through their counsel of record, Jackson Lewis P.C., hereby stipulate to extend discovery 18 days, until August 7, 2026:

**A. Discovery Completed to Date.**

To date, the parties have completed the following discovery:

    1.  March 4, 2026: Plaintiff's Fed. R. Civ. P. 26(a)(1) Initial Disclosure;

    2.  March 4, 2026: Defendants' Fed. R. Civ. P. 26(a)(1) Initial Disclosure;

1

3. April 14, 2026: Plaintiff's first set of interrogatories to Defendants;

4. April 14, 2026: Plaintiff's first set of requests for production to Defendants;

5. May 21, 2026; Plaintiff's Fed. R. Civ. P. 26(a)(2) Initial Designation of Expert Witnesses;

6. May 22, 2026: Plaintiff's Fed. R. Civ. P. 26(a)(1)(a) First Supplemental Disclosure;

7. May 29, 2026: Plaintiff served notices of deposition for Sarah McDaniel and Emily Venable setting their depositions for June 17, 2026 and June 19, 2026, respectively;

8. June 8, 2026: Plaintiff's Second Fed. R. Civ. P. 26(a)(1)(a) Supplemental Disclosure;

9. June 11, 2026: Defendants' first set of interrogatories to Plaintiff;

10. June 11, 2026: Defendants' first set of requests for production to Plaintiff;

11. June 11, 2026: Defendants' first set of requests for admissions to Plaintiff;

12. June 12, 2026: Plaintiff served an amended notice of deposition of Emily Venable re-setting her deposition for July 6, 2026;

13. June 17, 2026: Plaintiff served an amended notice of deposition of Sarah McDaniel re-setting her deposition for July 20, 2026;

14. June 17, 2026, Plaintiff served a second amended notice of deposition of Emily Venable to conduct her deposition on July 6, 2026 remotely;

15. June 17, 2026, Plaintiff served a notice of deposition of Mountain West Derm-Blackhart's FRCP 30(b)(6) representative(s) setting the deposition for June 29, 2026;

16. June 17, 2026: Plaintiff's first set of requests for admissions to Mountain West Derm – Blackhart, PLLC;

17. June 17, 2026: Plaintiff's first set of requests for admissions to MWD Management of Nevada, LLC;

18. June 18, 2026: Defendants' responses to Plaintiffs first set of discovery requests;

19. June 18, 2026: Defendants' First Supplemental Disclosure of Documents and Witnesses;

20. June 23, 2026: Plaintiff served an amended notice of deposition of Mountain West-

Derm Blackhart's Rule 30(b)(6) representative(s) re-setting the deposition for July 6, 2026;

21. June 25, 2026: Defendants' Second Supplemental Disclosure of Documents and Witnesses; and

22. June 26, 2026: Defendants served a notice of deposition for Plaintiff's deposition to be conducted July 17, 2026.

**B. Discovery Which Still Needs to Occur.**

The parties expect to complete the following discovery:

1. Plaintiff's responses to Defendants' first set of discovery requests shall be served no later than July 13, 2026.

2. Plaintiff's deposition of Mountain West Derm – Blackhart, PLLC's Rule 30(b)(6) witness, Emily Venable, currently scheduled for July 6, 2026.

3. Defendants' deposition of Plaintiff, scheduled for July 17, 2026.

4. Mountain West Derm – Blackhart, PLLC's and MWD Management of Nevada, LLC's responses to Plaintiff's requests for admission shall be served no later than July 17, 2026.

5. Plaintiff's deposition of Sarah McDaniel, scheduled for July 20, 2026.

**C. Reasons Why Discovery Has Not Been Completed.**

On July 2, 2026, while preparing for the deposition of the corporate representative, scheduled for July 6, 2026, Defendants' counsel learned that an individual necessary to assist in preparing the corporate representative on some of the topics is out of the country and will not return until July 20, 2026. Defense counsel promptly notified Plaintiff's counsel of this issue the same day.

Because the necessary preparatory information cannot be obtained until that individual returns, Defendants cannot adequately prepare its corporate representative to testify on all noticed topics before the current discovery deadline. The parties therefore could not have reasonably sought this extension 21 days before the discovery cutoff, as the specific issue necessitating the extension was not known until July 2, 2026.

The requested extension is limited to 18 days and is sought solely for the purposes of completing the Rule 30(b)(6) deposition of Mountain West Derm – Blackhart, PLLC's. The parties

anticipate scheduling the deposition during the week of July 27, 2026, or the week of August 3, 2026. The extension will allow the corporate representative to be prepared to testify on the topics set forth in the notice of deposition.

The requested extension is therefore sought in good faith and not for purposes of delay, but to allow the parties a fair opportunity to complete discovery in an orderly and efficient manner.

**D.  Good Cause Supports The Parties' Request For A Brief Extension.**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC,* 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.*

Good cause supports the parties' request to extend the discovery cut-off deadline in this case. The parties continue to engage in discovery and intend to conduct most of the discovery outlined above prior to the close of discovery. However, on July 2, 2026, Defendants' counsel learned that a person needed to prepare their corporate representative for the July 6, 2026 deposition is unavailable until July 20, 2026, and promptly notified Plaintiff's counsel. Because this issue only

arose that day, the parties could not have sought an extension 21 days before the discovery cutoff, so Defendants request an 18-day extension solely to complete the Rule 30(b)(6) deposition, likely the week of July 27, 2026 or August 3, 2026. Plaintiff's counsel has agreed to move the deposition if this Court approves a brief extension to the discovery deadlines in this matter. The extension is sought in good faith to allow orderly completion of discovery, not for delay

The parties respectfully submit that these circumstances satisfy the required good cause in extending the deadlines referenced above.

**E.  Proposed Schedule for Completing Remaining Discovery.**

The parties propose an eighteen (18) day extension of the following pre-trial deadlines:

1.  **Discovery Cut-Off Date:** The current **July 20, 2026** discovery cut-off deadline shall be extended to **August 7, 2026**.

2.  **Dispositive Motions:** The current **August 19, 2026** dispositive motions deadline shall be extended to **September 7, 2026,** because the eighteenth day falls on Sunday, which is a non-judicial day. *See* Fed. R. Civ. P. 6(a)(1)(C).

Dated this 2nd day of July, 2026.

GREENBERG GROSS LLP

*/s/ Marian L. Massey*
Marian L. Massey, Bar # 14579
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorney for Plaintiff*

JACKSON LEWIS P.C.

*/s/ Tenesa S. Powell*
Joshua A. Sliker, Bar # 12493
Tenesa S. Powell, Bar # 12488
300 S. Fourth St., Suite 900
Las Vegas, Nevada 89101

*Attorney for Defendants*

**ORDER**

IT IS SO ORDERED.

HON. NANCY J. KOPPE
United States Magistrate Judge

Dated: July 7, 2026